[No. 16362-1-I. Division One. January 26, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTONIO V. TUCKER, *Appellant*.

*Charles L. Smith,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Hogan, Deputy,* for respondent.

WEBSTER, J.—Appellant Antonio Tucker appeals from a judgment and sentence entered after a jury found him guilty of assault in the third degree (RCW 9A.36.030). This appeal raises a single issue: whether the trial court erred by refusing to give Tucker's proposed jury instructions pertaining to reckless endangerment as a lesser included offense of third degree assault. We find no error and, therefore, affirm the trial court.

### FACTS

On the evening of June 7, 1984, Ione Ward and two women friends went to a nightclub in Kirkland to drink, dance, and socialize. Because the nightclub was crowded, the three women were seated at a table with Tucker and his friend.

A round of drinks was ordered, and an argument broke out between Tucker and the women over who was going to pay for the drinks. The argument continued throughout the evening and finally escalated to the point of name–calling, spitting and throwing drinks. Finally, Tucker threw a glass at Ward. The glass hit her either whole or in fragments and seriously cut her face. The testimony of eyewitnesses was conflicting over whether the glass was thrown directly at Ward, or whether it first shattered against the table or the wall.

Tucker was charged with assault in the third degree. At trial the defense proposed three instructions on the lesser offense of reckless endangerment. These instructions were denied, and exceptions were taken. Tucker was subse-

quently convicted of third degree assault. This appeal followed.

## RECKLESS ENDANGERMENT INSTRUCTION

Tucker contests the court's refusal to give the instruction regarding reckless endangerment as a lesser included offense of third degree assault.

The two relevant provisions follow:

Reckless endangerment. (1) A person is guilty of reckless endangerment when he recklessly engages in conduct which creates a substantial risk of death or serious physical injury to another person.

(2) Reckless endangerment is a gross misdemeanor.

RCW 9A.36.050.

Assault in the third degree. (1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:

. . .

(b) With criminal negligence, shall cause physical injury to another person by means of a weapon or other instrument or thing likely to produce bodily harm; . . .

. . .

(2) Assault in the third degree is a class C felony.

RCW 9A.36.030.

A criminal defendant is entitled to an instruction on a lesser included offense when two conditions are met:

First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.

(Citations omitted.) *State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978). *Accord, State v. Holt,* 104 Wn.2d 315, 318, 704 P.2d 1189 (1985); *State v. Wilson,* 41 Wn. App. 397, 399, 704 P.2d 1217, *review denied,* 105 Wn.2d 1003 (1985).

In this case the *Workman* inquiry is whether the mental state and the conduct of the defendant under reckless endangerment are inherent in third degree assault. We find that they are not. The elements of reckless endangerment

are a mental state of recklessness and creation of a substantial risk of death or serious injury to another person. RCW 9A.36.050. The elements of third degree assault are a mental state of criminal negligence and physical injury to another person by means of a weapon, other instrument, or thing likely to produce bodily harm. RCW 9A.36.030(1)(b).

 Considering first the mental states, we find that recklessness entails a greater degree of culpability than does criminal negligence. Washington recognizes a hierarchy of mental states that are listed in descending degree of culpability as follows: intent, knowledge, recklessness and criminal negligence. RCW 9A.08.010(1). *See generally State v. Soto,* 45 Wn. App. 839, 727 P.2d 999 (1986) (discussion of the hierarchy of mental states). One mental state may substitute for a second mental state only if the second mental state is of lower culpability than the first. RCW 9A.08.010(2) provides:

> Substitutes for Criminal Negligence, Recklessness, and Knowledge. When a statute provides that criminal negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally, knowingly, or recklessly. When recklessness suffices to establish an element, such element also is established if a person acts intentionally or knowingly. When acting knowingly suffices to establish an element, such element also is established if a person acts intentionally.

Because criminal negligence is the least culpable mental state, it cannot substitute for any of the other three mental states. Consequently, "criminal negligence" cannot substitute for "recklessness." Thus, one can be criminally negligent in terms of third degree assault without being reckless in terms of reckless endangerment.

Tucker urges the court to ignore this hierarchy arguing that assault in the third degree, the more serious offense, has a *less* culpable mental state than reckless endangerment, the less serious offense. He also contends that because "criminal negligence" is nowhere defined by statute, it should be considered equivalent to "recklessness." Tucker's arguments are inconsistent with the construction

of the statutes. First, it is not up to this court to second-guess the Legislature in assigning a more culpable mental state to a less serious offense. Second, "criminal negligence" is clearly defined in RCW 9A.08.010(1)(d), thus evidencing the Legislature's intent to distinguish it from "reckless-ness."

■ Considering next the conduct of the defendant, we find that "creation of a substantial risk of death or serious injury" is not inherent in third degree assault. Reckless endangerment requires risk of death or serious injury. Third degree assault requires only physical injury. These two acts are dissimilar. One may cause a physical injury (third degree assault) without creating a risk of death or serious injury (reckless endangerment). Similarly, in first and second degree assault cases where physical injury is not an element of the assault, creation of a substantial risk of death or serious injury is not a necessary element of the assault. *See State v. O'Neal,* 23 Wn. App. 899, 903, 600 P.2d 570 (1979). Put another way, it is possible to commit third degree assault without having committed reckless endangerment. Therefore, the latter is not an included offense. *See State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973).

■ We conclude that the elements of reckless endanger-ment are not necessarily included in the offense of third degree assault. Because the first inquiry of the *Workman* test is not satisfied, the instructions on reckless endanger-ment were properly refused. Accordingly, the jury was properly informed of the applicable law, *Dean v. Metro Seattle,* 104 W.2d 627, 634, 708 P.2d 393 (1985), and Tucker was not impermissibly prevented from arguing his theory of the case. *State v. Theroff,* 95 Wn.2d 385, 389, 622 P.2d 1240 (1980).

Affirm.

SCHOLFIELD, C.J., and COLEMAN, J., concur.