[No. 10745-7-II.   Division Two.   July 20, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES ANDERVILLE SAMPLE, *Appellant.*

*Darcy J. Scholts,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Michael C. Kinnie, Deputy,* for respondent.

REED, C.J.—Charles Anderville Sample appeals his conviction for the crime of simple assault. Sample claims that the trial court erred by: (1) holding that simple assault is a lesser included offense of third degree assault by criminal negligence; (2) convicting him of simple assault without requiring the State to meet its burden of disproving self–defense or defense of others or of property; (3) admitting improper evidence of prior bad acts by the defendant; and by admitting improper evidence of Sample's character. We reverse.

On May 27, 1985, at approximately 10 p.m., Sample went to the home of his sister, Patricia Schug, to obtain a key to his mother's residence, the place where he had been staying. When he arrived, Sample pounded on the door and pushed it open, but Patricia told him that he was not welcome and asked him to leave. Instead, the angry Sample began an argument and fight with Charles Schug, Patricia's ex–husband. Patricia fled. She went to the home of Ann Beeler (her landlady), intending to call the police, but Beeler was absent.

As Patricia was leaving Beeler's residence, she saw Sample approaching her. At that point, she picked up a stick with which to protect herself. Although Patricia avoided Sample, she intentionally struck a vehicle belonging to Mary Ann Swanson as she passed it. (This was the automobile in which Sample had arrived.) An irate Sample took

Patricia's stick and used it to strike her in the abdomen, causing her to fall to the ground. Sample left immediately thereafter.

Initially, the State charged Sample with assault in the second degree under former RCW 9A.36.020(1)(c). It later amended this information to charge assault in the third degree under former RCW 9A.36.030(1)(b). After a bench trial, the court found Sample guilty of simple assault under former RCW 9A.36.040.

Sample first contends that the court erred when it convicted him of simple assault as a lesser included offense of third degree assault. He relies on the holding in *State v. Tucker*, 46 Wn. App. 642, 646, 731 P.2d 1154 (1987), which determined that reckless endangerment was not a lesser included offense of third degree assault. We agree.

The statute, former RCW 9A.36.030 provided that:

(1) [e]very person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:

. . .

(b) [w]ith criminal negligence, shall cause physical injury to another person by means of a weapon or other instrument or thing likely to produce bodily harm[.]

On the other hand, former RCW 9A.36.040 provided that

[e]very person who shall commit an *assault* or *an assault and battery* not amounting to assault in either the first, second, or third degree shall be guilty of simple assault.

(Italics ours.)

Simple assault is a true or common law assault and requires proof of intent. This State's classic definition of an assault is contained in *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 505, 125 P.2d 681 (1942), thusly: "An assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented." *See also State v. Jones*, 34 Wn. App. 848, 850, 664 P.2d 12 (1983). Former RCW 9A.36.030(1)(b), however,

eliminates the element of intent and takes conduct—negligence—that would not be an assault under common law, and makes it an assault. *Cf. State v. Foster,* 91 Wn.2d 466, 475, 589 P.2d 789 (1979) (criminal negligence statute not unconstitutional because it eliminates intent). Thus, the crime of simple assault requires a more culpable mental state than assault in the third degree by criminal negligence. *See* RCW 9A.08.010(1)(a); RCW 9A.08.010(2).[1] Here, in arriving at a finding of guilty, the trial court specifically found that Sample intentionally struck (assaulted) Patricia.

■■ Thus, it is possible to commit assault in the third degree by criminal negligence without committing simple assault. If it is possible to commit the greater offense without committing the lesser, the latter is not a lesser included offense. *Cf. State v. Pelkey,* 109 Wn.2d 484, 488, 745 P.2d 854 (1987); *State v. Holt,* 104 Wn.2d 315, 318, 704 P.2d 1189 (1985). Consequently, simple assault is not a lesser included offense of assault in the third degree by criminal negligence.

This result is not anomalous when one considers that it is the element of causing actual physical injury in a certain way that makes third degree negligent assault a more grievous or greater offense—a class C felony—than simple assault—a gross misdemeanor. The rationale of *State v. Tucker, supra,* applies.

Inasmuch as Sample cannot be convicted of an offense not charged, and which is not a lesser included offense, his conviction must be reversed. Const. art. 1, § 22 (amend. 10); *State v. Pelkey,* 109 Wn.2d at 487; *State v. Carr,* 97 Wn.2d

---

[1]RCW 9A.08.010(2) provides:

"Substitutes for Criminal Negligence, Recklessness, and Knowledge. When a statute provides that criminal negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally, knowingly, or recklessly. When recklessness suffices to establish an element, such element also is established if a person acts intentionally or knowingly. When acting knowingly suffices to establish an element, such element also is established ·if a person acts intentionally."

56

436, 439, 645 P.2d 1098 (1982); *State v. Olds,* 39 Wn.2d 258, 261, 235 P.2d 165 (1951).[2]
Sample's other assignments of error have no merit.
Reversed.

PETRICH and ALEXANDER, JJ., concur.

[2]Effective July 1, 1988, RCW 9A.36.040 defining simple assault was superseded by RCW 9A.36.041, which reads as follows:
"(1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.
"(2) Assault in the fourth degree is a gross misdemeanor."