[No. 14556-1-II.   Division Two.   January 25, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. LONNIE DEAN HUMMELL, *Appellant*.

*Robert W. Huffhines, Jr.,* for appellant (appointed counsel for appeal).

*C.C. Bridgewater, Prosecuting Attorney,* and *Douglas S. Boole, Deputy,* for respondent.

ALEXANDER, C.J. — Lonnie Dean Hummell appeals his conviction on a charge of first degree burglary, claiming that

the trial court erred in: (1) failing to give his proposed jury instruction that fourth degree assault was a lesser included offense of burglary in the first degree, as charged; and (2) giving the jury an instruction that misstated the law and amounted to a comment on the evidence. We reverse and remand for a new trial.

On September 11, 1990, a domestic dispute between Tammy George and her husband, Kevin George, took place in a home they were renting from Clinton Hash, Sr. As a result, Kevin George was arrested and jailed. After Kevin George was released from jail, the manager of the rental property in which the altercation took place, Clinton Hash, Jr., helped him move all of his belongings out of the rental house. Hash, Jr., told Kevin George that Tammy George now had the right to live in the house, despite the fact that Kevin George had paid rent for the month of September. Hash, Jr., told Kevin George that Hash, Sr., was evicting him and allowing Tammy George to stay in the rental property because Tammy George and her 1-year-old child had no other place to go.

While Kevin George was moving out of the house, he spoke to Hash, Jr., about killing his wife or what he thought was a "better idea" — hiring someone to beat her up. Toward that end, Kevin George approached Bobbi Jo Rahier because he knew that she held a grudge against his wife. Rahier agreed to beat Tammy George up for $30. Later on, Kevin George increased the fee by offering Rahier his rifle in exchange for her beating Tammy George.

About half an hour later Rahier and her boyfriend, Lonnie Hummell, arrived at the residence. Rahier forced Tammy George's door open and assaulted her. Two witnesses testified that Hummell encouraged Rahier and participated in the assault. Hummell claimed, however, that he was merely trying to break up the fight. Hummell also disputed testimony that he drove Rahier from the scene and took the rifle into his house.

Hummell was ultimately charged in Cowlitz County Superior Court with first degree burglary. The information

charged Hummell and Rahier with "enter[ing] or remain-[ing] unlawfully in the dwelling of Tammy Rae Brown/George . . . and while in such dwelling . . . assault[ing] Tammy Rae Brown/George by striking her in the face and kicking her."

During trial, Hummell objected to the trial court's refusal to give his proposed instruction that fourth degree assault was a lesser included offense of burglary in the first degree, as charged. He also excepted to one of the trial court's jury instructions, which read:

> To establish that an entry is unlawful, the State must prove beyond a reasonable doubt that the entrant was not licensed, invited, or otherwise privileged to enter.
>
> The law of burglary is to protect the person in possession of the premises at the time the offense was committed. Only a person with the right of possession can permit another to enter such premises.
>
> If you find that Kevin George had vacated the premises and no longer lived or resided in those premises, then you must find that Mr. George was not a person in possession of those premises.
>
> If you find that Mr. George was a person in possession of the premises at the time of the offense, then you must decide whether or not he permitted entry onto the premises.
>
> If you find that Mr. George was in possession of the premises and that he permitted the defendants to enter into the premises, then you must find the defendants not guilty of the crime of first degree burglary as charged.

Hummell was found guilty of first degree burglary and was sentenced to serve 48 months in prison.[1]

█ Lonnie Hummell contends that the trial court erred in refusing to instruct the jury that fourth degree assault is a lesser included offense of first degree burglary as charged. A defendant is entitled to an instruction on a lesser included offense if: (1) each of the elements of the lesser offense is a necessary element of the crime charged; and (2) the evidence

---

[1]Kevin George pleaded guilty to a charge of burglary in the first degree in exchange for dismissal of a charge of criminal solicitation. The record does not disclose whether Rahier was ever charged or convicted of any offense, however, we note from our file number 14623-1, that Rahier was convicted of burglary in the first degree and sentenced to 20 months in prison.

supports an inference that the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 548 P.2d 382 (1978).

■ Insofar as the first prong is concerned, Hummell argues that each of the elements of fourth degree assault is a necessary element of first degree burglary because the underpinning of the burglary charge is the allegation that Hummell assaulted another, *i.e.*, Tammy George. Hummell is correct. First degree burglary is committed when a person enters or remains unlawfully in a dwelling, with intent to commit a crime, and commits an assault while in the dwelling. RCW 9A.52.020(1). A simple assault fulfills the assault element of first degree burglary. *State v. Vahey*, 49 Wn. App. 767, 775-76, 746 P.2d 327 (1987), *review denied*, 110 Wn.2d 1013 (1988). Fourth degree assault is the equivalent of simple assault. RCW 9A.36.041.

In regard to the second prong, the Supreme Court has said:

> It is not enough that the jury might simply disbelieve the State's evidence. Instead, some evidence must be presented which affirmatively establishes the defendant's theory on the lesser included offense before an instruction will be given.

*State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990), *disapproved on other grounds in State v. Blair*, 117 Wn.2d 479, 487, 816 P.2d 718 (1991). The test is, thus:

> whether there is evidence supporting an inference that the defendant is guilty of the lesser offense *instead of* the greater one.

*State v. Bergeson*, 64 Wn. App. 366, 369, 824 P.2d 515 (1992). *See also State v. Peters*, 47 Wn. App. 854, 860, 737 P.2d 693, *review denied*, 108 Wn.2d 1032 (1987).

■ We believe that the second prong is met because the evidence supports an inference that *only* a fourth degree assault was committed by Hummell. The State suggests otherwise, contending that the evidence shows that Hummell committed only first degree burglary because he "unlawfully" entered the dwelling to assault Tammy George. We disagree. Hummell presented testimony that he went to Tammy George's house at Kevin George's request. The jury

could have found, under the trial court's instruction set forth above, that Kevin George, as "a person in possession" of the house, had the right to permit Hummell and Rahier to enter the home, even if it meant breaking down the front door. While Tammy George may have had the right to revoke Kevin George's permission, as a copossessor of the property, there is no evidence that she did so. In short, the jury could have concluded under the evidence and jury instructions that Hummell did not unlawfully enter or remain on the premises, and yet found that he assaulted her in a manner that did not amount to assault in the first, second, or third degree.[2] In such a case the jury would be justified in reaching a verdict that Hummell was guilty of fourth degree assault. The trial court, thus, erred in refusing to instruct on the lesser included offense.

▪ Having concluded that the trial court erred in not giving Hummell's proposed instruction, we need not consider Hummell's other assignment of error to the effect that the trial court improperly commented on the evidence and misstated Washington law in giving the jury instruction on unlawful entry that is set forth above. The failure to give the lesser included offense instruction necessitates a new trial. *State v. Parker*, 102 Wn.2d 161, 166, 683 P.2d 189 (1984). We would say, however, that on retrial, the trial court should carefully reconsider the form of its instruction defining unlawful entry. While it is evident from the record that the trial court generally modeled that instruction on language appearing in *State v. Schneider*, 36 Wn. App. 237, 673 P.2d 200 (1983), we believe the instruction is somewhat unclear. We suggest that on retrial, the instruction be more closely modeled on *Schneider*.

Reversed.

MORGAN and SEINFELD, JJ., concur.

---

[2]Assault in the fourth degree is defined in RCW 9A.36.041(1) as follows: "A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another."