Argued and submitted May 26, conviction affirmed; reversed and remanded for resentencing June 16, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# CHAD ARTHELLO VANDERHOOF,
*Appellant.*

(C940071CR; CA A96413)

985 P2d 198

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of three counts of sexual abuse in the first degree. During sentencing, the trial court determined that defendant qualified for criminal history category B, based on the fact that defendant had a prior Oregon conviction for a person felony and two Washington convictions for person misdemeanors. One of the Washington convictions was for "simple assault." Defendant objected to the court's reliance on the simple assault conviction, arguing that it is not a person crime under Oregon law because it does not require proof of physical injury. The trial court concluded that simple assault under Washington law is the equivalent of assault in the fourth degree under Oregon law and thus qualified as a person misdemeanor. The trial court then imposed sentence, relying on both Washington convictions as person misdemeanors for the purposes of determining defendant's criminal history score.

■■ On appeal, defendant contends that the trial court erred in counting the Washington conviction for simple assault as an Oregon person misdemeanor. The state concedes the point. We accept the state's concession. To count as a person misdemeanor for the purpose of determining a criminal history score, the elements of an out-of-state conviction must match those of an Oregon misdemeanor person crime listed in OAR 213-003-0001(15). In this case, the court concluded that the elements of the Washington crime of simple assault, Wash Rev Code § 9A.36.040 (West 1988), match those of the Oregon crime of fourth-degree assault, ORS 163.160. Under Washington law, however, simple assault does not require proof of physical injury, *State v. Sample*, 52 Wash App 52, 55, 757 P2d 539 (1988), while the Oregon crime of fourth-degree assault does. ORS 163.160.

The state requests that, instead of remanding for resentencing, we calculate the appropriate sentence under the guidelines and simply remand for entry of a corrected judgment. We decline the state's invitation.

Conviction affirmed; reversed and remanded for resentencing.