Argued and submitted July 9, conviction for felony fourth-degree assault vacated
and remanded for entry of conviction for misdemeanor fourth-degree assault and
for resentencing August 4, 2004

STATE OF OREGON,
*Respondent,*

*v.*

SHAWN ROBERT GEYER,
*Appellant.*

02CR0284; A118449

95 P3d 237

Hari Nam S. Khalsa filed the opening brief for appellant.
Shawn R. Geyer filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Steven R. Powers, Assistant Attorney
General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder, Judge, and
Rosenblum, Judge pro tempore.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals his conviction and sentence for felony assault in the fourth degree. ORS 163.160. He asserts that the trial court (1) erroneously admitted certain evidence, (2) erroneously elevated the offense to a felony based on his prior conviction in Washington state for fourth-degree assault of the same victim, (3) erroneously calculated his criminal history score based on that and other prior assault convictions from Washington state, and (4) erroneously imposed an improper term of post-prison supervision. In a *pro se* supplemental brief, defendant makes further challenges to the length of his sentence. As explained below, we vacate defendant's conviction and remand for entry of a conviction for misdemeanor fourth-degree assault and for resentencing.

We reject without discussion defendant's evidentiary challenge. However, we conclude that defendant is correct that the court erroneously elevated the offense to a felony.

Under Oregon law, fourth-degree assault generally is a Class A misdemeanor, but it is elevated to a Class C felony if the defendant "has previously been convicted of assaulting the same victim." ORS 163.160(3)(a). Defendant contends, and the state concedes, that defendant's prior conviction in Washington state for fourth-degree assault involving the same victim was not for "assault" as that term is used in ORS 163.160(3)(a). *See State v. Vanderhoof*, 161 Or App 140, 142, 985 P2d 198 (1999) (under Washington law, "simple assault does not require proof of physical injury"). We find the state's concession of error to be well founded and accept it. The trial court therefore erred in elevating defendant's conviction for fourth-degree assault to a felony on the ground that defendant previously had assaulted the same victim.

Our disposition of the first assignment of error obviates the need to address defendant's remaining of assignments of error concerning sentencing.

Conviction for felony fourth-degree assault vacated and remanded for entry of conviction for misdemeanor fourth-degree assault and for resentencing.