[No. 32961-1-II.   Division Two.   January 4, 2006.]

DENNIS SATTERLEE ET AL., *Appellants*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

98

*Clifford G. Morey* (of *Davies Pearson, P.C.*), for appellants.
*Robert M. McKenna, Attorney General,* and *Lucretia F. Greer, Assistant,* for respondent.

¶1 HUNT, J. — Dennis Satterlee appeals revocation of his license to operate an adult family home. He argues that fourth degree assault is not a crime for which the Department of Social and Health Services (DSHS) could revoke his license upon conviction. Holding that Satterlee's fourth degree assault conviction is the same as a simple assault conviction for purposes of RCW 43.43.830(5), we affirm his license revocation.

## FACTS

¶2 Dennis Satterlee and his wife operated a licensed adult family home in Puyallup, Washington. After investigating a report that Satterlee had touched the breasts of an 89-year-old female resident, the State charged Satterlee with three counts of indecent liberties on June 2, 2003. On June 4, 2003, DSHS imposed a condition on Satterlee's license, prohibiting him from being on the premises of the

adult family home. On July 1, 2003, DSHS revoked his adult family home license for failure to ensure that a resident was free from sexual abuse.

¶3 Satterlee filed an administrative appeal. The administrative law judge (ALJ) held hearings on September 9, September 10, and November 14, 2003. In superior court on October 27, between the second and third administrative hearings, Satterlee entered a *Newton/Alford*[1] plea of guilty to a single criminal charge of fourth degree assault. At the November 14 administrative hearing, the ALJ reversed DSHS's revocation of Satterlee's license.

¶4 DSHS appealed to the DSHS Board of Appeals (Board), which reversed the ALJ's decision. The Board ruled that DSHS was required to revoke Satterlee's license based on his conviction of fourth degree assault, which it considered a crime against persons under RCW 43-.43.830(5). The Board then reinstated DSHS's revocation of Satterlee's license.

¶5 Satterlee appealed to the Thurston County Superior Court, which upheld the Board's decision revoking Satterlee's license. The court ruled that (1) fourth degree assault is the same as simple assault under RCW 43-.43.830 and (2) Satterlee's conviction made him ineligible to hold an adult family home license.

¶6 Satterlee appeals.

## ANALYSIS

¶7 Satterlee contends that the trial court erred when it affirmed DSHS's decision to revoke his adult family home license. He argues that RCW 43.43.830(5) does not list fourth degree assault as a ground for revocation upon conviction; rather, he asserts, the statute includes only simple assault, together with first, second, and third degree assaults, in its list of forbidden crimes. His argument fails.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976).

I. STANDARD OF REVIEW

¶8 In reviewing an administrative action, we sit in the same position as the trial court and apply the Administrative Procedure Act (APA) (chapter 34.05 RCW) standards directly to the agency's administrative record.[2] We review findings of fact for substantial evidence in light of the whole record. RCW 34.05.570(3)(e). We review questions of law de novo.[3] Because this appeal involves the meaning of "simple assault" in the context of RCW 43.43.830(5), we review this issue of law de novo.

II. LICENSE REVOCATION

A. Licensing Requirements

¶9 Adult family homes are long-term residences for people who need care, room, and board. *See* RCW 70.128.005, .010(1). Washington requires a person who operates or maintains an adult family home to be licensed. RCW 70.128.050. RCW 70.128.120 requires licensed adult family home providers and resident managers to meet certain minimum qualifications, including having no convictions for "any crime listed in RCW 43.43.830 and 43.43.842."

B. Crimes for Which License Must Be Denied or Revoked

¶10 As defined in RCW 43.43.830(5), conviction of a "crime against children or other persons" disqualifies a person from providing family home care to vulnerable adults. RCW 43.43.842; RCW 70.128.120(8). If a provider has been convicted of one of these crimes, DSHS must

---

[2] *Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus.*, 112 Wn. App. 291, 296, 49 P.3d 135 (2002) (citing *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993)), *review denied*, 149 Wn.2d 1003 (2003).

[3] *Franklin County Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983).

revoke the provider's license. Former WAC 388-76-560(11)(a) (2003).[4]

¶11 RCW 43.43.830(5) provides, " 'Crime against children or other persons' means a conviction of any of the following offenses," and then lists numerous offenses, including first degree assault, second degree assault, third degree assault, custodial assault, simple assault, and *any of these crimes as they may be renamed in the future.*" RCW 43.43.830(5) (emphasis added).

¶12 When our legislature enacted RCW 43.43.830 in 1987, Washington's criminal code included the crime of simple assault under former RCW 9A.36.040(1) (1986), not fourth degree assault. Effective July 1, 1988, our legislature repealed former RCW 9A.36.040(1) (simple assault) and replaced it with fourth degree assault. Former RCW 9A.36.041(1) (1988); *see also* LAWS OF 1986, ch. 257, § 7. The issue here is whether, in adopting these statutory changes, the legislature "renamed" simple assault (former RCW 9A.36.040(1)) as fourth degree assault (RCW 9A.36.041(1)), such that both statutes describe the same crime for purposes of disqualifying a person under RCW 43.43.830(5) and 43.43.842(1)(a) from holding a family home license.

---

[4] The pre-2005 version of WAC 388-76-560(11)(a) applicable here provided, in relevant part:

(11) The department shall deny, suspend or revoke a license if:

 * An applicant/provider,

 * Any person who is a caregiver,

 * Any person who has unsupervised access to residents in the adult family home,

 * Any person who lives in the home but who is not a resident,

 * A resident manager,

 * A partner of the entity,

 * An officer of the entity,

 * A director of the entity,

 * A managerial employee of the entity,

 * An owner of fifty percent or more of the entity, or

 * An owner who exercises control over daily operations, has been:

 (a) Convicted of a crime against a person as defined under RCW 43.43.830 or 43.43.842.

## C. Statutory Construction

### 1. Plain language

■ ¶13 When a court interprets a statute, the primary objective is to ascertain and to carry out the legislature's intent and purpose. *Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles*, 148 Wn.2d 224, 242-43, 59 P.3d 655 (2002) (*Tenino Aerie*). To determine legislative intent, we look first to the language of the statute. If the statute is unambiguous, its meaning derives from its plain language alone. " 'A statute . . . is not ambiguous simply because different interpretations are conceivable.' " *Tenino Aerie*, 148 Wn.2d at 239-40 (quoting *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001)). Rather, a statute is ambiguous only if it can reasonably be interpreted in two or more ways. *Tenino Aerie*, 148 Wn.2d at 242-43.

■ ¶14 We first note that the two statutes defining the former simple assault and the current fourth degree assault use very similar language. Former RCW 9A.36.040(1) provided:

> Every person who shall commit an assault . . . not amounting to assault in either the first, second, or third degree shall be guilty of simple assault.

The current RCW 9A.36.041(1) defines fourth degree assault as follows:

> A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

Both statutes describe the least serious level of assault by using the same "residual" definition—any assaults not amounting to first, second, or third degree assault. Although fourth degree assault under new RCW 9A.36.041(1)

also specifically excludes custodial assault,[5] this exclusion was a minor change in language, unrelated to the renaming of simple assault. More importantly, this change did not criminalize any new conduct that was not already criminalized under the previous version of the statute, under which a fourth degree assault conviction would have necessarily been a simple assault conviction.

¶15 Based on the nearly identical language in the statutory descriptions of simple and fourth degree assaults, it is evident that in revising RCW 9A.36.041(1), the legislature simply created a new name, "fourth degree assault," for the lowest level of assault, which it had previously called "simple assault." The plain language of these two versions of the statute, thus, leads to the inescapable conclusion that simple assault under the former statute and fourth degree assault under the new version of RCW 9A.36.041(1) describe the same crime under RCW 43.43.830(5) for purposes of residential adult home licensing disqualification.[6]

---

[5] The legislature enacted the crime of "custodial assault" in 1987. LAWS OF 1987, ch. 188, § 1. Before this time, our state did not define "custodial assault" separately from other assaults. Unless it was first, second, or third degree assault, an assault on a volunteer or correctional facility civilian employee amounted to only simple assault, a gross misdemeanor. *See State v. Ashcraft*, 71 Wn. App. 444, 454 n.2, 859 P.2d 60 (1993). By specifically naming "custodial assault" in the 1987-88 version of the statute, the legislature segregated this crime from "simple assault" and made "custodial assault" a class C felony, which is equivalent to third degree assault. RCW 9A.36.041, .100; *Ashcraft*, 71 Wn. App. at 454 n.2.

The classification of custodial assault as a class C felony did not change the meaning or degree of simple assault (now renamed "fourth degree assault"), a misdemeanor. Nor did it create a new offense. Rather, by removing custodial assault from the former simple assault category and elevating the degree, the legislature both increased the seriousness of custodial assault and shortened the list of "default" crimes that were previously considered fourth degree/simple assault. *See also* explanation in n.6.

[6] We note that, even if we were to look beyond the plain language of the statute, legislative history also reveals that simple assault was renamed "fourth degree assault." In 1986, when the legislature first promulgated fourth degree assault, the definition was essentially identical to that for simple assault; neither definition contained a "custodial assault" provision, and both covered exactly the same acts. *Compare* LAWS OF 1986, ch. 257, § 7 *with* former RCW 9A.36.040 (1987). The legislature subsequently amended fourth degree assault to exclude custodial assault only *after* it created the separate crime, of "custodial assault" in 1987. LAWS OF 1987, ch. 188, § 2; *see* LAWS OF 1987 ch. 188 § 1.

¶16 This conclusion is further supported by well-settled Washington case law, which historically has considered fourth degree assault to be the same crime as simple assault. We have previously so held in *State v. Hummell*, 68 Wn. App. 538, 541, 843 P.2d 1125 (1993) (fourth degree assault is the equivalent of simple assault), and *State v. Sample*, 52 Wn. App. 52, 56 n.2, 757 P.2d 539 (1988) (effective July 1, 1988, RCW 9A.36.040 defining simple assault was superseded by RCW 9A.36.041). *See also* Division One's holdings in *State v. Ashcraft*, 71 Wn. App. 444, 454 n.2, 859 P.2d 60 (1993) (simple assault is essentially identical to assault in the fourth degree), and *State v. Davis*, 60 Wn. App. 813, 820, 808 P.2d 167 (1991) (assault in fourth degree is simple assault at common law), *aff'd*, 119 Wn.2d 657, 835 P.2d 1039 (1992).

¶17 We further note that in listing crimes, conviction of which could disqualify an adult home licensee under RCW 43.43.842(1)(a), the legislature clearly contemplated the possibility of name changes for some of the listed crimes: The legislature expressly listed as a license disqualifier "any of these crimes as they may be *renamed* in the future." RCW 43.43.830(5) (emphasis added). As we explain above, the former crime of simple assault, listed in RCW 43.43.830(5) as a disqualifier, is the same crime as the newly named "fourth degree assault" defined in RCW 9A.36.041(1). Moreover, the enactment and effective dates of these statutes fell within roughly a one-year time frame, indicating that the legislature was working on them contemporaneously. That RCW 9A.36.041(1) "renamed" simple assault as "fourth degree assault," as contemplated by the last phrase of RCW 43.43.830(5), further supports the conclusion that they are the same crime.

¶18 To hold otherwise would violate two other well-established general rules of statutory construction. The first rule is that we render no word in a statute superfluous. *McGinnis v. State*, 152 Wn.2d 639, 646, 99 P.3d 1240 (2004). If fourth degree assault were not simple assault "renamed," then RCW 43.43.830(5)'s continued listing of conviction of

simple assault, or as it might be "renamed," as a ground for license disqualification under RCW 43.43.842 and RCW 70-.128.120(8) would be meaningless. In other words, because there was no crime called "simple assault" after its repeal in 1988, there would be no point to continue including this former crime as a "crime against others" under RCW 43-.43.830(5) after 1988. Such is not the case here, however, since in repealing the crime of simple assault, the legislature retained the essence of this crime and renamed it "fourth degree assault."[7] *See Ashcraft*, 71 Wn. App. at 454; *Sample*, 52 Wn. App. at 56.

¶19 The second rule is that we presume new legislation is consistent with prior judicial decisions. *State v. McCullum*, 98 Wn.2d 484, 493, 656 P.2d 1064 (1983). Following *Hummell, Sample, Ashcraft*, and *Davis, supra*, the legislature amended RCW 43.43.830(5) several times, adding new crimes in 1989, 1990, 1995, 1999, and 2002. Had the legislature disagreed with the courts' interpretations, it could have clarified in any one of the amendments that fourth degree assault was not in fact simple assault renamed.

## 2. RCW 43.43.842

¶20 Satterlee next argues that the legislature's distinction between simple assault and fourth degree assault in RCW 43.43.842(2)(a) implies that simple assault is not the same crime as fourth degree assault under RCW 43.43.830. This argument also fails.

¶21 RCW 43.43.842(2)(a) allows adult family homes to hire people convicted of "simple assault, assault in the

---

[7] Satterlee argues that, despite these published appellate court holdings, (1) the legislature did not omit simple assault from RCW 43.43.830, even though it amended RCW 43.43.830 several times between 1989 and 2003, and (2) the legislature intentionally left simple assault in the statute because it wanted to prevent licensing a person convicted of simple assault in another state. His argument fails. RCW 43.43.830 does not refer to simple assaults committed in other states, and Satterlee fails to cite to any statute, case law, or literature to support his argument. Therefore, we do not further consider his argument. *See* RAP 10.3; *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

fourth degree, or the same offense as it may be renamed," provided that these convictions occurred more than three years earlier. RCW 43.43.842 took effect in 1989, shortly after the legislature repealed simple assault and codified fourth degree assault, effective in 1988. Therefore, an applicant for employment in a licensed family home could potentially have a criminal history that includes both simple and fourth degree assault, depending on when the applicant was charged and convicted.

¶22 Rather than suggesting that simple and fourth degree assault are two different crimes, RCW 43.43-.842(2)(a)'s inclusion of both names in the same subsection shows the legislature's treatment of them as the *same* crime. First, no other RCW 43.43.842(2) subsection references more than one offense or more than one degree of an offense; simple and fourth degree assault would be the sole exception.[8] Rather, this statute assigns different subsections to various other separate, distinct, and individually listed offenses, for example: prostitution, subsection (b); third degree theft, subsection (c); second degree theft, subsection (d); and forgery, subsection (e).

¶23 Second, in subsection (a), the legislature linked "simple assault" and "assault in the fourth degree" with the clause "or the same offense as it may be renamed." RCW 43-.43.842(2)(a). Use of the singular "the same *offense*" and "*it*" show that the legislature referenced a singular antecedent, namely, one lowest degree of assault, regardless of whether it is called "simple assault" or "assault in the fourth degree."

¶24 Lastly, in viewing subsections (c) and (d), RCW 43.43.842(2) not only treats two different degrees of theft as separate crimes, third degree and second degree, respectively, but also requires a longer passage of time after a second degree theft conviction before the convicted applicant can be eligible for employment in a licensed family home. This separate treatment for the two degrees of theft

---

[8] *See, e.g.*, RCW 43.43.842(2), (separately lists prostitution, third degree theft, second degree theft, and forgery under subsections (b) through (e)).

further supports our conclusion that subsection (a) of RCW 43.43.842(2) refers to a single crime, albeit with at least two, and potentially additional, different names.

¶25 As we have previously held in criminal cases, we again hold that fourth degree assault is the same crime as simple assault, this time, however, for purposes of RCW 43.43.830(5). *See Hummell, supra; Sample, supra.* We further hold that (1) DSHS properly revoked Satterlee's adult family home license under RCW 43.43.830 based on his fourth degree assault conviction and (2) the trial court properly affirmed DSHS's revocation of his license.

¶26 Affirmed.

HOUGHTON and ARMSTRONG, JJ., concur.

