[No. 30504-0-III.    Division Three.    May 1, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. DESMOND BERNARD SHEPARD, JR., *Appellant*.

*David B. Koch* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Susan I. Bauer, Prosecuting Attorney*, and *Amie L. Hunter, Deputy*, for respondent.

¶1 SWEENEY, J. — Conviction for third degree assault, as charged here, requires a showing that the defendant used an "instrument or thing likely to produce bodily harm." RCW 9A.36.031(1)(d). Here, the defendant assaulted his former girl friend by striking her and pushing her. She struck furniture and was seriously injured. The question before the court is whether the furniture she struck satisfies the statutory requirement of an instrument or thing likely to produce bodily harm. Our Supreme Court has already answered that question in a unanimous opinion in *State v. Marohl*, 170 Wn.2d 691, 246 P.3d 177 (2010). And, the answer is no. We therefore reverse the conviction for third degree assault.

## FACTS

¶2 Desmond Shepard and Natasha Pipgras drank together in Ms. Pipgras's home. Mr. Shepard became angry.

He threw Ms. Pipgras. She struck an armoire. He threw her again and she struck a dresser and also a child's playpen. The assault resulted in serious injuries to Ms. Pipgras, including bruises to her face, head, and body.

¶3 The State charged Mr. Shepard with third degree assault. Mr. Shepard was also convicted of second and fourth degree assault for other acts of violence that night, and acquitted of third degree malicious mischief. Since those charges are not at issue in this appeal, the facts underlying those matters are not discussed here.

¶4 A jury convicted Mr. Shepard of third degree assault.

## ANALYSIS

¶5 Our review is de novo. *Marohl*, 170 Wn.2d at 697.

¶6 As charged here, the State was required to prove that Mr. Shepard, acting with criminal negligence, caused "bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm." RCW 9A.36.031(1)(d). Mr. Shepard contends that *Marohl* establishes that he did not assault Ms. Pipgras with "an instrument or thing likely to produce bodily harm." The State responds that Mr. Shepard used the furniture to assault Ms. Pipgras and that satisfies the requirement of the statute. The Supreme Court's decision in *Marohl* resolves the dispute.

¶7 In *Marohl*, the defendant took the victim in a choke hold and both men fell to the floor. 170 Wn.2d at 696. "The impact with the casino floor caused [the victim] to suffer bruises and scrapes on his face, and his prosthetic arm broke off above the elbow joint." *Id.* The State charged Mr. Marohl with third degree assault under the same statute at issue here (RCW 9A.36.031(1)(d)) and alleged, and the court later correctly instructed, that the injuries had to be the result of " 'a weapon or other instrument or thing likely to produce bodily harm.' " *Id.* The jury found Mr. Marohl guilty, he appealed, and the Court of Appeals affirmed the conviction. *Id.* at 697.

¶8 The Supreme Court accepted review and reversed the conviction. *Id.* at 694-95. And, in doing so, the court made a number of observations and holdings that are controlling here:

- "Only assaults perpetrated with an object likely to produce harm by its nature or by circumstances fall within the subsection's [RCW 9A.36.031(1)(d)] purview." *Id.* at 699.

- "Thus, an 'instrument or thing likely to produce bodily harm' under RCW 9A.36.031(1)(d) must be similar to a weapon." *Id.* at 700.

- "RCW 9A.36.031(1)(d) makes no reference to the defendant's use of an 'instrument or thing likely to produce bodily harm.' . . . The casino floor was not within the scope of RCW 9A.36.031(1)(d)." *Id.* at 702-03.

¶9 And, even in those jurisdictions whose statutes do consider the actual use of the instrument or thing, as opposed to just focusing on the object itself independent of its use, the court noted that "each defendant in *Galvin*, *Reed*, and *Montano* took hold of the victim's head and repeatedly struck it against the ground."[1] *Id.* at 702. The evidence here shows that Mr. Shepard brutally pushed or threw Ms. Pipgras. He did not pick up the armoire, the dresser, or the playpen or any other object or instrumentality and strike her with it or deliberately beat her against it. The Supreme Court authority is clear and its application here is clear—the furniture "must be excluded from the definition of 'instrument or thing likely to produce bodily harm,' " and the conviction here for third degree assault, then, must be reversed. *Id.* at 703.

SIDDOWAY, J., concurs.

---

[1] *People v. Galvin*, 65 N.Y.2d 761, 481 N.E.2d 565, 492 N.Y.S.2d 25 (1985); *State v. Reed*, 101 Or. App. 277, 790 P.2d 551 (1990); *State v. Montano*, 1999-NMCA-23, 126 N.M. 609, 973 P.2d 861.

¶10 KORSMO, C.J. (dissenting) — The jury determined that Desmond Shepard's repeated actions of throwing his victim into various fixed objects constituted an assault with a weapon. Because the record supports the determination that these fixtures were the instrumentalities of the crime, the conviction for third degree assault should be affirmed.

¶11 The facts relevant to the third degree assault count can be briefly stated. After a night of drinking, Mr. Shepard became angry with Natasha Pipgras when she did not respond as rapidly as he desired to his request that she drive him from her home in Kelso to his home in Portland. He threw her headfirst into an armoire. Report of Proceedings (RP) at 37. She began dressing her children for the late night car trip, but his anger continued. In turn, he then threw her into a dresser, a wall, and also into a child's playpen. RP at 38. Ms. Pipgras sustained bruises on her face, head, and body.

¶12 As charged here, the State was required to prove that Mr. Shepard, acting with criminal negligence, caused "bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm." RCW 9A.36.031(1)(d). Mr. Shepard does not dispute that he acted with criminal negligence or that he caused bodily harm to Ms. Pipgras. He contends that *State v. Marohl*, 170 Wn.2d 691, 246 P.3d 177 (2010), establishes that he did not assault her with a "weapon or other instrument."

¶13 In *Marohl*, the defendant was walking the victim out of a bar when the two crashed to the ground; the victim struck his head on the floor and was knocked unconscious. 170 Wn.2d at 695-96. The defendant was convicted of third degree assault based on a theory that he used the floor to assault the victim. *Id.* at 696-97. The Washington Supreme Court reversed the conviction, concluding that "based on the facts [in] this case," the floor did not meet the statutory definition. *Id.* at 697. The court examined cases from other states. It noted that in some states, a stationary object could not by definition constitute a weapon. *Id.* at 700. In other

states, whether such an object could constitute a weapon was dependent upon the manner in which the item was used. *Id.* at 701-02. For instance, repeatedly striking the victim's head against the ground was commonly determined to be "use" of a weapon. *Id.* at 702. The court determined that a single fall to the floor did not demonstrate intentional use of the floor as a weapon in Mr. Marohl's case. *Id.* at 700, 703.

¶14 Mr. Shepard argues that the four items into which he threw Ms. Pipgras similarly were not instruments for purposes of third degree assault. The jury disagreed. Mr. Shepard repeatedly threw his victim into different pieces of furniture or the wall. He was in fact using them as instrumentalities to injure Ms. Pipgras. While perhaps a one-time use of a single piece of furniture could be likened to *Marohl*, here repeated use of multiple pieces of furniture permitted the jury to reach the opposite conclusion—Mr. Shepard intentionally was using the furniture as the instruments of his attack on Ms. Pipgras.

¶15 Under these facts, the jury concluded—and was entitled to do so—that Mr. Shepard did assault Ms. Pipgras with a "weapon or other instrument or thing likely to produce bodily harm." RCW 9A.36.031(1)(d). The evidence was sufficient to support the third degree assault verdict.

¶16 The majority goes further than *Marohl* and seems to conclude that the item must be in the fundamental nature of a weapon before it can be treated as such. That is not the holding of *Marohl*, and would be inconsistent with the rule of that case. The court began its review of the problem by looking to the statutory definition of "weapon or other instrument or thing likely to produce bodily harm" found in RCW 9A.36.031(1)(d). 170 Wn.2d at 698-99. The court concluded that the definition covered "assaults perpetrated with an object likely to produce harm by its nature *or by circumstances* fall within the subsection's purview." *Id.* at 699 (emphasis added). In other words, the object itself can be in the nature of a weapon, or it can be used as a weapon.

This case is in the latter category, and nothing in *Marohl* limits the definition to objects that are inherently weapon-like.[2]

¶17 As noted previously, *Marohl* distinguished its facts from cases where the defendant "used" a floor by repeatedly striking the victim's head into the floor or other object. *Id.* at 702. The construction of the statutory definition included a "use" component. *Id.* at 699, 703. If the *Marohl* court had intended to exclude "use" cases, it could easily have done so without having to discuss and distinguish other states where use of a fixed object such as a floor constituted a weapon.

¶18 In a single sentence in its final paragraph, the majority seems to discount any "use" of the furniture in this case by noting that Mr. Shepard had not "pick[ed] up" the armoire (or other piece of furniture) and used it to strike Ms. Pipgras. Majority at 890. No authority is cited for the proposition that an object must be used as a club to constitute a weapon. Such a view is inconsistent with the cases distinguished by *Marohl*, where the fact that the floor could not be picked up did not factor into the analysis of whether it was used as a weapon. Surely if a defendant tosses a person out of an upper story window, leaving the hard ground below to do the damage, he "used" the ground even if he did not club the victim with it.

¶19 Although the evidence could be seen in another light—that Mr. Shepard was throwing Ms. Pipgras around without regard to where she landed—the jury decided that he repeatedly had used the furniture to injure her by smashing her into the various furnishings. This was not a single fall to the floor as in *Marohl*, but a series of assaults by crashing the victim into fixed objects.

---

[2] The court also would have needed to overrule other decisions in which everyday objects constituted weapons because they were used as instrumentalities to assault another. *E.g.*, *State v. Tucker*, 46 Wn. App. 642, 731 P.2d 1154 (1987) (drinking glass thrown at victim); *State v. Pomeroy*, 18 Wn. App. 837, 573 P.2d 805 (1977) (broken beer glass).

¶20 The jury concluded that the items were used as weapons. The evidence supported that determination. Accordingly, I would affirm the conviction for third degree assault.

Review denied at 175 Wn.2d 1011 (2012).