[No. 23240–1–I.  Division One.  July 2, 1990.]

THE STATE OF WASHINGTON, *Petitioner,* v. HENRY A. O'NEILL, *Respondent.*

---

Norm Maleng, Prosecuting Attorney, and Donald Raz and Pamela Mohr, Deputies, for petitioner.

Mary Ellen Ramey, for respondent.

SCHOLFIELD, J.—The State appeals from the decision on RALJ appeal which reversed O'Neill's conviction and remanded the case to Federal Way District Court for further proceedings. The State contends that the Superior Court erred in reversing the District Court's order which suppressed evidence that O'Neill had not been convicted before. We agree and reverse the Superior Court.

O'Neill was charged with driving while under the influence. During trial in Federal Way District Court, the court suppressed O'Neill's testimony that he did not have a prior conviction. O'Neill was convicted and filed a RALJ appeal. The Superior Court hearing the appeal reversed the judgment and sentence on the basis that O'Neill's testimony should have been admitted.

The State contends that the proffered testimony was not relevant to any trial issue, nor was it admissible reputation evidence. It contends that the District Court had a tenable reason for excluding the testimony and that reversal of the judgment and sentence was error.

The Rules of Evidence on admission of character evidence are ER 404 and 405. ER 404 provides, in pertinent part, as follows:

**(a) Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of Accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

ER 405 provides:

**(a) Reputation.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross examination, inquiry is allowable into relevant specific instances of conduct.

**(b) Specific Instances of Conduct.** In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

An accused may introduce character evidence so long as the evidence tends to prove a character trait which is pertinent to rebut the nature of the charge. *See* Comment, ER 404; 56 A.L.R.4th 402 (1987); *State v. Jackson,* 46 Wn. App. 360, 365, 730 P.2d 1361 (1986); *State v. Harper,* 35 Wn. App. 855, 859–60, 670 P.2d 296 (1983).

A defendant offers evidence of a pertinent trait of character to show that he or she acted in conformity with that character. Character witnesses offered by an accused typically testify that the defendant has a reputation for being a good, honest, law–abiding and/or peaceful person. From such testimony, the defendant generally seeks to have the jury conclude that one of such character would not have committed the crime charged.

(Citations omitted.) *State v. Kelly,* 102 Wn.2d 188, 195, 685 P.2d 564 (1984). *See United States v. Angelini,* 678 F.2d 380 (1st Cir. 1982); 2 J. Weinstein & M. Berger, *Evidence* ¶ 404[05] (1989).

O'Neill argues that his purpose in offering the fact he had no prior convictions was to persuade the jury he was a person of good character. O'Neill argues it supported his credibility. The State contends the absence of an arrest or

conviction record is not a trait pertinent to the charge of driving while intoxicated.

██ Whether the absence of prior convictions was admissible or not, the offer made by O'Neill did not meet the requirements of ER 405(a) that proof be made by testimony as to reputation. Rather than offering testimony from a witness that he was a law–abiding citizen, O'Neill attempted to testify himself to this absence of an arrest record. A character trait of being a law–abiding citizen is not an essential element of a DWI charge. The rule requires, therefore, the proof be by evidence of reputation.

The trial court's action was based on the clear requirement of ER 405(a); therefore, it did not abuse its discretion by suppressing O'Neill's testimony that he had not been convicted. Since the trial court committed no error of law, the Superior Court committed reversible error when it reversed the judgment. RALJ 9.1(a).

O'Neill's judgment and sentence are hereby reinstated and affirmed.

BAKER, J., concurs.

FORREST, J. (dissenting)—I dissent. The majority opinion holds that O'Neill may not testify that he has never been arrested or convicted because such testimony violates "the clear requirement of ER 405(a)."[1] No authority is cited applying ER 404 or ER 405 to the testimony of the nature here presented. This dearth of authority is surprising since such testimony is certainly not uncommon at trial. The following language from *Government of V.I. v. Grant*,[2] is instructive:

---

[1]Majority opinion, at 370. ER 405(a) states that proof of character may be made only "by testimony as to reputation", in contrast to Federal Rule of Evidence 405(a), which allows proof of character "by testimony as to reputation or by testimony in the form of an opinion."

[2]775 F.2d 508, 513 (3d Cir. 1985).

Our holding that testimony of absence of arrests is not admissible as evidence of good character does not end the matter, however, for the trial court not only refused to charge the jury on good character but also prohibited Grant from testifying on the matter. During the course of a trial, it is customary for the defendant to introduce evidence concerning his background, such as information about his education and employment. Such evidence is routinely admitted without objection, and testimony that an accused has never been arrested is commonly admitted as part of this background evidence.

The jurisprudence of "background evidence" is essentially undeveloped. "Background" or "preliminary" evidence is not mentioned in the evidence codes, nor has it received attention in the treatises. One justification for its admission, at least in terms of the background of a witness *qua* witness, is that it may establish absence of bias or motive by showing the witness' relationship (or non–relationship) to the parties or to the case. It may also be said to bear on the credibility of the witness by showing the witness to be a stable person. The routine admission of evidence that an accused has never been arrested would thus seem to be a function of years of practice and of the common sense notion that it is helpful for the trier of fact to know something about a defendant's background when evaluating his culpability.

A defendant's education, work experience, marital status, church affiliation, none of which are technically relevant to guilt or innocence, are routinely admitted. The reason is that the jury is trying a flesh and blood defendant, not a hypothetical abstraction such as we ask them to consider in assessing negligence on the reasonable man standard. The arrest history falls easily into this category. If the court is right that the long–standing practice of admitting such evidence explains the dearth of authority, this is strongly suggestive that such admission is proper.

The *Grant* court went on to state that such admission would be discretionary with the trial court and would not expose the defendant to cross examination on his general character of being law abiding. I disagree with both of these statements. The defendant should have the right to present this evidence, but he should not be shielded from cross examination. The jury is entitled to the full picture. A bright line rule is preferable in this situation to discretion. Such testimony takes but a few moments at trial and the

right presented is fundamental; therefore, it should not be subject to judicial discretion. I would admit it as background personal information.

Even if ER 404 and 405 do apply, they do not compel the majority's conclusion. The majority recognizes the defendant's right to introduce evidence to prove a character trait which is pertinent to rebut the nature of the charge.[3] The majority's acceptance is not unequivocal, however. At page 370 in the majority opinion it states "[w]hether the absence of prior convictions was admissible or not" and then proceeds to rest the decision on ER 405(a). In my view, the admission is not doubtful because the character of being law abiding is pertinent to rebut any criminal charge.

The Washington Supreme Court has recognized that evidence of the defendant's good character may create a reasonable doubt as to the guilt of the defendant:

> [The requirement of a "good character" instruction] is simply a recognition that reasonable men may, upon a consideration of all the evidence, reach the conclusion that even though the other evidence, if believed, would point to the guilt of the accused, it is doubtful that a person of the defendant's character would commit the crime charged. In such a case the jury cannot say, beyond a reasonable doubt, that he is guilty. In effect, the evidence of his good character weakens the credibility of the other evidence.

*State v. Allen.*[4] Being law abiding is part of good character. If evidence of good character can create reasonable doubt in the minds of the jury, it must be "pertinent" for the purposes of ER 404(a) and therefore admissible.[5]

However, the majority bases its holding on ER 405(a). First, the majority eliminates ER 405(b), holding that "[a] character trait of being a law–abiding citizen is not an

---

[3]Majority, at 369.

[4]89 Wn.2d 651, 657, 574 P.2d 1182 (1978). *See also* WPIC 6.12.

[5]*See United States v. Angelini,* 678 F.2d 380, 382 (1st Cir. 1982) (citing cases on admissibility of character for law abidingness).

essential element of a DWI charge."[6] Plainly, it is not an element of the offense and hence not technically an element of the charge. However, I assume the majority means this is not an "essential element" of a defense. I disagree. No authority is cited for this proposition. It is unclear precisely what the difference between "pertinent trait" in ER 404 and "essential element" in ER 405(b) was intended to be when offered by the defense. The concept "essential element" of a defense is elusive, given the State's burden to prove every element beyond a reasonable doubt. The comments do not address the issue. Accordingly, for the reasons given above that being a law–abiding citizen is a pertinent trait of character in any criminal trial, it is also my view that it is an *essential element of defense* in any criminal trial under ER 405(b). Clearly, if being law abiding is considered an essential element of defense, testimony as to having never been arrested or convicted would be admissible as a specific instance to support the character trait in question.

Having eliminated ER 405(b), the opinion then rests the decision on the fact that O'Neill's testimony was not reputation testimony and hence inadmissible under ER 405(a). Apparently the majority would allow a friend to get up and testify, "the defendant has a good reputation for obeying the law." Such testimony is often admitted on a rather weak, even if technically sufficient, foundation. Evidentiary rules are adopted to insure reliability and to help the jury get at the truth of the matter before them. If being law abiding is a "pertinent trait", absence of convictions is the best evidence. Reputation is *one* way, but should not be the exclusive way to prove it. ER 405(a) says "may" not "must", which strongly suggests that alternative methods might be used. The issue is being law abiding; this is better shown by absence of convictions than by reputation. To

---

[6]Majority, at 370.

allow partial and indirect evidence of the defendant's character for being law abiding through reputation, while denying direct and positive evidence from the defendant, is contrary to the spirit of the rules. Such result is incongruous, particularly when there is no evidence that the drafters of the rules contemplated this particular problem.[7] There is no indication that they intended any change in the long–standing practice noted in *Grant*. Yet in this case, a defendant's fundamental right, namely, to tell his story to a jury, is curtailed in a significant way based on a technical textual analysis of the rules and without supporting authority.

Even if ER 404 and ER 405 required the result reached by the majority, which I think they do not, I would still affirm the defendant's right to so testify. In my opinion, a criminal defendant has a constitutional right to testify in his defense as to his character for law abidingness as incident to his Sixth Amendment rights under the United States Constitution and article 1, section 22[8] of our constitution. To the extent ER 405(a) prevents such testimony, the rule is unconstitutional.

The United States Supreme Court has recently set out the standard for determining whether a state's evidentiary rules conflict with the defendant's constitutional rights to present evidence in his defense:

> [T]he right to present relevant testimony is not without limitation. The right "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." But restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve. In applying its evidentiary rules a State must evaluate whether the interests served by a rule justify the limitation imposed on the defendant's constitutional right to testify.

---

[7]Fed. R. Evid. 405 Judicial Council Comment, *quoted in* 5 K. Tegland, Wash. Prac. *Evidence* § 122, at 446 (3d ed. 1989).

[8]"In criminal prosecutions the accused shall have the right to appear and defend in person . . . to testify in his own behalf . . .."

(Footnote and citation omitted.) *Rock v. Arkansas.*[9]

This restriction on the defendant's right is plainly disproportionate to the purpose of ER 404 or ER 405. How does such testimony frustrate the purpose? As a practical matter, such testimony would be brief and would create no trial difficulties.

I would affirm the Superior Court's decision reversing the District Court's exclusion of the proffered testimony.

---

[9]483 U.S. 44, 55-56, 97 L. Ed. 2d 37, 107 S. Ct. 2704 (1987) (quoting *Chambers v. Mississippi,* 410 U.S. 284, 295, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973)).