[No. 31837-7-II.  Division Two.  July 26, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. KIMBERLY S.L. MERCER-DRUMMER, *Appellant*.

*Stephanie C. Cunningham*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *P. Grace Kingman, Deputy*, for respondent.

¶1 HUNT, J. — Kimberly Mercer-Drummer appeals her convictions for third degree assault, obstructing a law enforcement officer, and resisting arrest, arising from an incident aboard a Pierce Transit bus. She argues that the trial court erroneously granted the State's motion to exclude character evidence that she had no criminal history. Finding no abuse of trial court discretion, we affirm.

## FACTS

### I. TRANSIT BUS INCIDENT

¶2 Kimberly Mercer-Drummer boarded a Pierce Transit bus with her two children, paid her fare, and grabbed a transfer from the bus driver's hand.[1] The bus driver "told her not to do that again, that the operator is supposed to give it to her."[2] Mercer-Drummer cursed at the bus driver and walked toward the back of the bus. The driver asked her "to stop cussing" and "to respect the other passengers on the bus."[3] After Mercer-Drummer continued to curse at him, the driver asked her to leave the bus. She refused, saying she had done nothing wrong and had paid her fare. Another passenger suggested to Mercer-Drummer that she get off the bus because "they're going to call the cops and you're going to get arrested."[4] But Mercer-Drummer remained on the bus.

¶3 The driver called the bus dispatch communication center and asked a supervisor to meet the bus at the Lakewood Transit Center. At the Lakewood Transit Center, Pierce Transit Supervisor James Joy boarded the bus and contacted Mercer-Drummer. Mercer-Drummer "became very argumentative, elevating the level of her voice and refusing to get off the bus."[5] When Joy threatened to call the police, Mercer-Drummer replied, "Go ahead."[6] Joy called for a police officer to respond. Mercer-Drummer stepped off the bus, walked down the sidewalk, and boarded another bus despite the second driver's attempt to prevent her. By this point, Mercer-Drummer knew that the police had been called.

---

[1] Mercer-Drummer denies having grabbed the transfer.

[2] Report of Proceedings (RP) at 11.

[3] RP at 12.

[4] RP at 200.

[5] RP at 31.

[6] RP at 32.

¶4 Joy followed Mercer-Drummer onto the bus, telling her that she had to exit this bus. Mercer-Drummer saw three marked police cars arrive and exited the second bus. Joy contacted Pierce County Sheriff's Department Deputy Vickie Kimbriel, told her that a female passenger had refused to leave the bus, and pointed out Mercer-Drummer to Deputy Kimbriel.

¶5 Deputy Kimbriel, in uniform, attempted to stop and talk to Mercer-Drummer about what had happened. But Mercer-Drummer kept walking away, fully aware that Kimbriel was a police officer. Eventually, Mercer-Drummer stopped and told Deputy Kimbriel that nothing had happened, although she admitted to having told the bus driver to shut up.

¶6 When Mercer-Drummer began cursing and walked away, Deputy Kimbriel placed her hand on Mercer-Drummer's shoulder and told her that she was not free to leave. Mercer-Drummer turned around, "cocked her hand back," and hit Deputy Kimbriel on the side of her face, exclaiming, "Don't touch me."[7] According to Mercer-Drummer, she thought Deputy Kimbriel "maybe [ ] was arresting [her] or something," pulled her arms back trying to get away, and did not intend to strike Kimbriel.[8] According to Kimbriel, Mercer-Drummer hit her with a closed fist and knocked her off balance.

¶7 According to witness Deputy Douglas Maier, Mercer-Drummer took "a wide swing with her left hand, striking Deputy Kimbriel in the right side of her face."[9] Maier stepped in, grabbed Mercer-Drummer, and "took her down to the ground to maintain control of her."[10] Mercer-Drummer was kicking, swinging her arms, and not responding to verbal commands. Ultimately, Deputy Kimbriel first

[7] RP at 142.

[8] RP at 206.

[9] RP at 113.

[10] RP at 114.

warned Mercer-Drummer and then applied a Taser to her neck to subdue her.

¶8 The State charged Mercer-Drummer by information with one count of third degree assault, one count of obstructing a law enforcement officer, and one count of resisting arrest.

## II. PROCEDURE

¶9 At trial, before the defense presented its case, the State moved to prevent Mercer-Drummer from testifying that she had no criminal history. Mercer-Drummer countered that this testimony was relevant to establish her character, and it was relevant to support her defense that she did not intend to strike Deputy Kimbriel.

¶10 The trial court ruled that Mercer-Drummer's lack of a criminal history (1) did not tend to show her character or reputation for peacefulness within the meaning of ER 404(a), and (2) did not meet the criteria for admissible character evidence under ER 405. The trial court granted the State's motion and excluded the evidence. The jury returned guilty verdicts on all three counts.

¶11 Mercer-Drummer appeals.

## ANALYSIS

### CHARACTER EVIDENCE

¶12 Mercer-Drummer argues that the trial court committed reversible error when it excluded her proffered "character" evidence that she had no criminal history, specifically that she had no prior arrest record. We disagree.

### A. Standard of Review

¶13 We review a trial court's decision to admit or to exclude evidence for abuse of discretion.[11] "An abuse of

---

[11] *State v. Thach*, 126 Wn. App. 297, 307-10, 106 P.3d 782 (2005).

discretion occurs when the trial court bases its decision on untenable grounds or exercises discretion in a manner that is manifestly unreasonable."[12]

¶14 Mercer-Drummer offered her testimony that she had never been convicted of a crime to establish her good character and to support her defense that she did not intend to strike Deputy Kimbriel. Assuming, without deciding, that Mercer-Drummer's proffered character evidence was admissible under ER 404(a), she failed to meet the requirements of ER 405, which sets forth acceptable methods of proving character.

## B. ER 405

¶15 ER 405 provides for the following methods of proving character:

> **(a) Reputation.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by *testimony as to reputation.* On cross examination, inquiry is allowable into *relevant specific instances of conduct.*
>
> **(b) Specific Instances of Conduct.** In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.[13]

¶16 Mercer-Drummer disputes the trial court's ruling that her proffered character evidence was not in the form of reputation testimony and, therefore, not admissible under ER 405. She also urges us to adopt the dissent's reasoning in *State v. O'Neill,*[14] which, she contends, would allow her lack of criminal arrests into evidence here. In short, she asks us to hold that (1) under ER 405(b), being a "law abiding citizen" is an essential element of a defense in any

---

[12] *State v. Zunker,* 112 Wn. App. 130, 140, 48 P.3d 344 (2002), *review denied,* 148 Wn.2d 1012 (2003).

[13] (Emphasis added.)

[14] 58 Wn. App. 367, 370-75, 793 P.2d 977 (1990) (Forrest, J., dissenting).

criminal trial; and (2) reputation testimony is one way, but not the exclusive way, to prove character under ER 405(a).[15] We decline Mercer-Drummer's invitation to adopt the *O'Neill* dissent and follow the majority decision and plain language of the rule instead.

¶17 The State had charged O'Neill with driving while under the influence.[16] During trial in the district court, the court suppressed the defendant's own testimony that he did not have a prior conviction.[17] The superior court reversed the judgment and sentence on the basis that the defendant's testimony should have been admitted.[18] The State appealed.[19] On appeal, the defendant argued that "his purpose in offering the fact he had no prior convictions was to persuade the jury he was a person of good character."[20]

¶18 Division One of our court held,

> Whether the absence of prior convictions was admissible or not, the offer made by O'Neill did not meet the requirements of ER 405(a) that proof be made by testimony as to reputation. Rather than offering testimony from a witness that he was a law-abiding citizen, O'Neill attempted to testify himself to this absence of an arrest record. A character trait of being a law-abiding citizen is not an essential element of a DWI [driving while under the influence] charge. The rule requires, therefore, the proof be by evidence of reputation.[21]

We agree.

¶19 First, as in *O'Neill*, a character trait of being a law abiding citizen is not an essential element of assault,

---

[15] Br. of Appellant at 14 (quoting *O'Neill*, 58 Wn. App. at 373 (Forrest, J., dissenting)).

[16] *O'Neill*, 58 Wn. App. at 368.

[17] *O'Neill*, 58 Wn. App. at 368.

[18] *O'Neill*, 58 Wn. App. at 368.

[19] *O'Neill*, 58 Wn. App. at 368.

[20] *O'Neill*, 58 Wn. App. at 369.

[21] *O'Neill*, 58 Wn. App. at 370.

obstructing a law enforcement officer, or resisting arrest. As our Supreme Court noted in *State v. Kelly*,[22]

> Character is an "essential element" in comparatively few cases. In criminal cases, character is rarely an essential element of the charge, claim, or defense. For character to be an essential element, character must itself determine the rights and liabilities of the parties.[23]

Because character does not determine a party's rights and liabilities incident to an assault, obstruction of a law enforcement officer, or resisting arrest, character therefore is not an essential element of any charge, claim, or defense to the crimes with which Mercer-Drummer was charged. Thus, the trial court correctly excluded Mercer-Drummer's evidence of being a "law abiding citizen" under ER 405(b).

¶20 Second, ER 405(a) does not permit proof of character in the form of an opinion, especially a defendant's own opinion. "The rule requires, therefore, the proof be by evidence of reputation" in the community.[24] The comment to ER 405 specifically states,

> This section differs from Federal Rule 405 in that the *Washington rule does not permit proof of character by testimony in the form of an opinion*. Previous Washington law has not permitted the introduction of opinion testimony to prove a person's character. The drafters of the Washington rule felt that the policy established by decisional law was preferable to that of the federal rule.[25]

Rather than offering testimony from another witness that she was a "law abiding citizen," Mercer-Drummer attempted to testify herself to the absence of an arrest record. ER 405(a) requires the proof be by evidence of reputation. The trial court correctly excluded Mercer-Drummer's testimony based on this clear requirement. We hold, therefore, that the trial court did not abuse its discretion, and we affirm Mercer-Drummer's convictions.

---

[22] 102 Wn.2d 188, 685 P.2d 564 (1984).

[23] *Kelly*, 102 Wn.2d at 196-97 (citations omitted).

[24] *O'Neill*, 58 Wn. App. at 370.

[25] ER 405 cmt. (a) (emphasis added) (citations omitted).

¶21 Affirmed.

¶22 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

VAN DEREN, J., concurs.

¶23 BRIDGEWATER, J. — I respectfully dissent. The majority follows the opinion in *State v. O'Neill*, 58 Wn. App. 367, 793 P.2d 977 (1990), in upholding the trial court's decision to exclude the testimony by the defendant as to her good character. I would follow the well-reasoned dissent in *O'Neill* because I agree that "the character of being law abiding is pertinent to rebut any criminal charge." *O'Neill*, 58 Wn. App. at 372 (Forrest, J., dissenting). I agree that a "criminal defendant has a constitutional right to testify in his defense as to his character for law abidingness as incident to his Sixth Amendment rights under the United States Constitution and article I, section 22 of our constitution." *O'Neill*, 58 Wn. App. at 374 (Forrest, J., dissenting) (footnote omitted). I would reverse and remand for a new trial.

Review denied at 156 Wn.2d 1038 (2006).