IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31520-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW HIBBARD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Matthew Hibbard appeals his conviction for third degree assault with an aggravator that the injury suffered by the victim substantially exceeded the level of bodily harm necessary to satisfy the elements of the charge. He contends the trial court erred by (1) limiting character evidence to reputation, (2) denying his request for a lesser included offense jury instruction, and (3) violating his public trial right when using a passing sheet to conduct peremptory challenges. In his statement of additional grounds for review (SAG), Mr. Hibbard expresses concerns about ineffective assistance of counsel, prosecutor and juror misconduct, and the trial court's limits on the number of his character witnesses. We disagree with Mr. Hibbard's contentions, find Mr. Hibbard's SAG lacks merit, and affirm.

FACTS

On the evening of July 4, 2012, Ben Ensign and three friends went to a Kennewick bar and, without permission, sat in the very important (VIP) section. Mr. Hibbard, the bar's general manager and experienced bouncer, told Mr. Ensign and his friends they could not sit there. Mr. Ensign was intoxicated and disruptive. Given Mr. Ensign's behavior, Mr. Hibbard told Mr. Ensign and his friends to leave the bar. Mr. Ensign's friends escorted him out of the bar, but he turned around and attempted to re-enter. Mr. Hibbard and doorman Ray Anderson barred Mr. Ensign's way. Mr. Hibbard grabbed Mr. Ensign by the head and Mr. Anderson held his feet, suspending Mr. Ensign in midair. Eyewitness accounts varied on what happened next. While Mr. Hibbard testified he thought Mr. Ensign was trying to hit him, Mr. Anderson did not believe Mr. Ensign was a threat. After telling Mr. Ensign to calm down, Mr. Hibbard either dropped or threw Mr. Ensign head down to the concrete sidewalk. A jury later viewed a security video of the events.

Mr. Ensign suffered a subdural hematoma and brain contusions. He was in intensive care for a month. Mr. Ensign had difficulty using his right arm and leg and currently suffers from expressive aphasia, which means it is hard for him to express his thoughts as he cannot match his thoughts to words.

The State charged Mr. Hibbard with third degree assault and alleged an excessive-injury sentencing aggravator. At Mr. Hibbard's trial, Mr. Hibbard sought to call numerous witnesses to testify as to Mr. Hibbard's good character via reputation and

2

specific instances of conduct. The trial court sustained the State's objection to proving character through specific instances. The court limited the number of Mr. Hibbard's character witnesses as cumulative.

Mr. Hibbard unsuccessfully requested a jury instruction on fourth degree assault, arguing it was a lesser included offense of third degree assault. Mr. Hibbard was found guilty as charged. The jury returned a special verdict, finding Mr. Ensign's injuries substantially exceeded the level of bodily harm necessary to satisfy the elements of third degree assault. Because of this aggravating factor, the court sentenced Mr. Hibbard to 12 months. Mr. Hibbard appealed.

## ANALYSIS

### A. Character Evidence

The issue is whether the trial court erred by not allowing Mr. Hibbard's witnesses to testify as to specific instances of conduct in which he acted in a diligent and peaceful manner while on the job. Mr. Hibbard contends his constitutional right to present a defense was thus violated because character was an essential element of his claim or defense and ER 405(a) implicitly allows specific instances that show his character without ER 405(b)'s essential elements restriction. We disagree.

We review a trial court's evidence rulings for abuse of discretion. *State v. Stacy*, 181 Wn. App. 553, 565, 326 P.3d 136, *review denied*, ___ Wn.2d ___, 335 P.3d 940 (2014). "A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *Id.* at 565-66.

3

Criminal defendants have a constitutional right to present a defense. *Id.* at 566. However, this constitutional right is not unrestrained, as defendants have no "right to introduce irrelevant or inadmissible evidence." *Id.* Although "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," ER 405(b) allows evidence of specific instances only if the "character or a trait of character" is "an essential element of a charge, claim, or defense." ER 404(a). Character is rarely an "essential element" in criminal cases. *State v. Kelly*, 102 Wn.2d 188, 196, 685 P.2d 564 (1984). "For character to be an essential element, character itself must determine the rights and liabilities of the parties." *Id.* at 197.

ER 405(a) states "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation." Washington courts have interpreted this to mean ER 405(a) limits character evidence solely to reputation unless character is an essential element. *State v. Mercer-Drummer*, 128 Wn. App. 625, 630-32, 116 P.3d 454 (2005) (rejecting the argument that reputation testimony is not the exclusive way to prove character under ER 405(a)). Reading ER 405(a) in the manner suggested by Mr. Hibbard directly conflicts with and undermines ER 405(b)'s limitations on proof by specific instances of conduct. *See State v. Morales*, 168 Wn. App. 489, 492, 278 P.3d 668 (2012) (stating that interpretations rendering any portion of a statute meaningless should not be adopted). Thus, Mr. Hibbard's second contention fails.

4

Washington courts have held "character does not determine a party's rights and liabilities incident to an assault." *Mercer-Drummer*, 128 Wn. App. at 632; *see also Stacy*, 181 Wn. App. at 566. Mr. Hibbard unpersuasively attempts to distinguish both *Mercer-Drummer* and *Stacy*. He points to the fact that *Mercer-Drummer* and *Stacy* dealt with (1) third degree assault under RCW 9A.36.031(g), assault of a law enforcement officer, which requires an entirely different mens rea than negligent assault; and (2) different defenses. He argues his defense—that he acted reasonably and not negligently under the circumstances—necessarily means specific examples of his peaceful conflict-resolution were essential elements of his defense. But nothing in *Mercer-Drummer* and *Stacy* limits their holdings to assaults under RCW 9A.36.031(g). Both courts fashioned their holdings broadly, stating "[c]haracter is not an essential element of *any* charge, claim, or defense for the crime of *assault*." *Stacy*, 181 Wn. App. at 566 (emphasis added). Thus, Mr. Hibbard's first contention fails.

In sum, the trial court did not err in limiting Mr. Hibbard's evidence. Having so concluded, we do not discuss harmless error.

### B. Requested Fourth Degree Assault Instruction

The issue is whether the trial court erred in denying Mr. Hibbard's request for a jury instruction for assault in the fourth degree. Mr. Hibbard contends both the legal and

5

factual prongs of the *Workman*[1] test were met, thus entitling him to an instruction on the assault in the fourth degree.[2]

RCW 10.61.006 provides "a defendant can be convicted of an offense that is a lesser included offense of the crime charged." *State v. Fernandez-Medina*, 141 Wn.2d 448, 453, 6 P.3d 1150 (2000). To receive an instruction on a lesser included offense, the proponent of the instruction must satisfy a legal and factual requirement. *State v. McDonald*, 123 Wn. App. 85, 88, 96 P.3d 468 (2004). "To satisfy the legal requirement, the proponent must show . . . that the proposed instruction describes an offense each element of which is included within the charged offense." *Id.* at 88-89. "To satisfy the factual requirement, the proponent must show that when the evidence is viewed in the light most favorable to him, the jury could find that even though the defendant is not guilty of the charged offense, he is guilty of the . . . lesser offense." *Id.* at 89.

RCW 9A.36.031(1)(f) states a person is guilty of assault in the third degree if "[w]ith criminal negligence, [he] causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." Assault in the fourth degree is simple assault at common law. *State v. Davis*, 60 Wn. App. 813, 820,

---

[1] *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978).

[2] Mr. Hibbard uses "inferior degree" and "lesser included offense" interchangeably throughout his brief. *See* Appellant's Br. at 15-17. An inferior degree instruction is provided for in RCW 10.61.003, while a lesser included offense instruction is provided for in RCW 10.61.006. While the two are closely related, they are not the same and have different tests. *See State v. Fernandez-Medina*, 141 Wn.2d 448, 454, 6 P.3d 1150 (2000). Because Mr. Hibbard solely argues and applies the lesser included offense instruction test, we do not elaborate on an instruction based on an inferior degree. For Mr. Hibbard, the result is the same because fourth degree assault does not require negligent conduct as does this charged third degree assault.

6

808 P.2d 167 (1991); RCW 9A.36.041(1). An assault is defined as "an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented." *State v. Sample*, 52 Wn. App. 52, 54, 757 P.2d 539 (1988) (internal quotation marks omitted) (citation marks omitted). Thus, fourth degree assault requires proof of intent. *Id.*

In *Sample*, the State charged the defendant with assault in the third degree under former RCW 9A.36.030(1)(b), stating a person committed third degree assault when he, "[w]ith criminal negligence," caused physical injury to another with a weapon. *Sample*, 52 Wn. App. at 54. The trial court convicted the defendant of simple assault as a lesser included offense of third degree assault. *Id.* The appellate court reversed the conviction, stating the statute "eliminate[d] the element of intent and [took] conduct–negligence–that would not be an assault under common law[ ] and [made] it an assault." *Id.* at 54-55 (holding fourth degree assault "is not a lesser-included offense of assault in the third degree by negligence"); *see also Seattle v. Wilkins*, 72 Wn. App. 753, 758, 865 P.2d 580 (1994) (stating "[i]t may be possible to commit . . . criminally negligent assault without committing simple assault because a person can be convicted of . . . criminally negligent assault without proof of intent, while one cannot be convicted of simple assault without proof of intent").

Mr. Hibbard was charged with criminally negligent third degree assault under RCW 9A.36.030(1)(f). In order to be entitled to a lesser included offense instruction for fourth degree assault, he had to meet the legal and factual requirements of the test. He

7

cannot show the legal requirement. The proposed instruction on fourth degree assault

includes an element not included in the instruction on criminally negligent third degree

assault: intent. As Mr. Hibbard cannot meet the legal requirement, we need not discuss

whether he can meet the factual requirement. Accordingly, the trial court did not err in

refusing to give the lesser included offense instruction.

## C. Public Trial

The issue is whether Mr. Hibbard's right to a public trial was violated when the

parties exercised their peremptory challenges using a passing sheet in open court. Mr.

Hibbard contends this procedure resulted in a private, unrecorded conference violating

his right to be present at all critical stages since the record does not show he was

present or able to participate in the peremptory challenges.

"The Sixth Amendment to the United States Constitution and article I, section 22

of the Washington Constitution guarantee a defendant the right to a public trial." *State

v. Dunn*, 180 Wn. App. 570, 574, 321 P.3d 1283 (2014). Section 22 partly provides "it is

error . . . to 'close' the courtroom to any aspect of a criminal trial that is required to be

'open.'" *State v. Love*, 176 Wn. App. 911, 916, 309 P.3d 1209 (2013). Courts use the

"experience and logic" test to determine whether a particular portion of a proceeding is

required to be held in public. *Id.* Typically, "[j]ury selection in a criminal case is

considered part of the public trial right and is [ ] open to the public." *Id.*

The "experience and logic" test requires courts to ask "whether the practice in

question historically has been open to the public [the experience prong] . . . and whether

8

public access is significant to the functioning of the right [the logic prong]." *Id.* If a court answers both prongs affirmatively, then the five factor test enunciated in *State v. Bone-Club*, 128 Wn.2d 254, 261, 906 P.2d 325 (1995), must be applied to determine whether the court can properly close the courtroom. *Love*, 176 Wn. App. at 916.

In *Love*, this court applied the "experience and logic" test and concluded peremptory challenges do not have to take place in public. *Id.* at 920; *see also Dunn*, 180 Wn. App. at 575 (agreeing that "[t]he public trial right does not attach to the exercise of challenges during jury selection"). The court failed to find evidence suggesting that historical practices required parties to make peremptory challenges in public. *Id.* at 918; *see also State v. Thomas*, 16 Wn. App. 1, 13, 553 P.2d 1357 (1976) (defendant's challenge to using secret, written peremptory challenges had "no merit"). The court stated the written record of peremptory challenges "satisfies the public's interest in the case and assures that all activities were conducted aboveboard, even if not within public earshot." *Love*, 176 Wn. App. at 919-20.

Given *Love*, Mr. Hibbard's argument lacks merit.[3] Moreover, the record does not support Mr. Hibbard's argument. At the conclusion of voir dire, the transcript reads:

> THE COURT: Anybody need a break at this time. Okay. We will take a short recess.
> (Recess taken)
> (Peremptory challenges taken and a jury was impaneled)

---

[3] Mr. Hibbard notes he is aware of this court's decision in *Love*. However, he states "due to the procedural posture of other public trial cases currently on review in the Washington Supreme Court, [he] preserves this issue for review." Appellant's Br. at 26, n.11.

9

Report of Proceedings (RP) Voir Dire at 80. These facts are similar to those seen in *Love. See Love*, 176 Wn. App. at 914. The peremptory challenges were done in writing and recorded. The judge then, in open court, replaced certain jurors and empanelled the jury. The courtroom was not closed for peremptory challenges.

Mr. Hibbard argues he was not present during the exercise of peremptory challenges. Criminal defendants have the right to be present at all critical stages, which includes voir dire and empanelling of the jury, of their criminal trials. *Love*, 176 Wn. App. at 920-21. As the record is unclear whether Mr. Hibbard was present during the exercise of peremptory challenges, his assertion partly relies on facts outside the record on appeal.[4] We do not address issues on direct appeal relying on facts outside the record. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

### D. SAG Concerns

First, regarding assistance of counsel, the Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish ineffective assistance of counsel, a defendant must prove (1) defense counsel's representation was deficient, i.e., it was below an objective standard of reasonableness under the circumstances and (2) the deficient representation prejudiced him, i.e., a reasonable probability exists the outcome would have been different without the deficient representation. *McFarland*, 127 Wn.2d at 334-35. We strongly presume

10

representation was effective. *Id.* at 335. Defense counsel's legitimate strategic or tactical decisions do not support ineffective assistance claims. *Id.* at 335-36.

Mr. Hibbard's concerns generally relate to his counsel's trial strategy. He asserts defense counsel never attempted to discredit the State's witnesses, however; defense counsel did inquire into potential biases. He argues defense counsel failed to emphasize certain evidence, however defense counsel did discuss bias with relevant witnesses. It is not ineffective assistance of counsel merely because Mr. Hibbard would have emphasized evidence more or differently. Mr. Hibbard argues defense counsel did not call certain witnesses who would have been helpful to his case. But the testimony of Mr. Hibbard's proposed witnesses is not in the record, so we cannot conclude failure to call these witnesses prejudiced him. Mr. Hibbard's remaining allegations, including failure to bring up Mr. Ensign's history, not requesting a venue change, conversations disparaging defense counsel, trial court concerns, and counsel's throwing the case, are not based on facts in our record. If it is not in the record, we do not consider the matter on a direct appeal. *McFarland*, 127 Wn.2d at 335. The appropriate means of raising such matters is through the filing of a personal restraint petition. *Id.*

Second, regarding Mr. Hibbard's misconduct concerns, nothing in our record shows the State destroyed evidence or acted to delete any Facebook conversation. We do not consider matters outside the record on direct appeal. *McFarland*, 127 Wn.2d at

---

[4] The State, who in this appeal is represented by the same attorney that prosecuted Mr. Hibbard, states Mr. Hibbard was present during peremptory challenges.

335. The appropriate means of raising such matters is through the filing of a personal restraint petition. *Id.*

Third, regarding limiting character-evidence witnesses, even if relevant evidence is admissible, it may still be excluded "if its probative value is substantially outweighed . . . by considerations of . . . needless presentation of cumulative evidence." ER 402; ER 403. In *State v. Baker*, 56 Wn.2d 846, 355 P.2d 806 (1960), the defendant was charged with negligent homicide. *Id.* at 849. At trial, one witness testified about the defendant's reputation as a good and careful driver; however, the trial court refused to allow defendant's four remaining witnesses testify as to the same. *Id.* at 857. Because the State never attacked the defendant's reputation as a good and careful driver, the Washington Supreme Court found this was not error. *Id.* The *Baker* court reasoned that allowing the remaining four witnesses to testify in the same manner "would be merely repetitious and cumulative." *Id.* at 857-58.

The State never attacked Mr. Hibbard's reputation or the testimony of Mr. Hibbard's character witnesses. As no reason existed to doubt the character witnesses' testimony, allowing additional testimony on the same subject would have been cumulative and unhelpful. The trial court did not err in limiting the number of witnesses. Mr. Hibbard's other arguments regarding character evidence were addressed by his counsel in his appeal. *See* RAP 10.10(a).

Fourth, regarding Mr. Hibbard's concern about an alleged Facebook comment about juror comments, nothing in our record supports this allegation. Again, we do not

---

Resp't Br. at 13-14.

12

No. 31520-7-III
*State v. Hibbard*

consider such matters on direct appeal. *McFarland*, 127 Wn.2d at 335. The appropriate means of raising such matters is through the filing of a personal restraint petition. *Id.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 206.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

13