**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) ) | No. 72702-8-I |
| v. | ) ) | UNPUBLISHED OPINION |
| JASON BLAIR JACOBS, | ) ) | |
| Appellant. | ) | FILED: June 13, 2016 |
| | ) | |

2016 JUN 13 AM 9: 15
COURT OF APPEALS DIV I
STATE OF WASHINGTON

DWYER, J. — Character evidence offered under ER 404 must be proved by the methods set forth in ER 405. Challenging his conviction of residential burglary, Jason Jacobs contends that the trial court abused its discretion when it excluded testimony that he had no prior criminal convictions because the testimony was relevant proof of his character. To the contrary, the proposed testimony was not admissible under ER 405 because it was neither testimony as to Jacobs' reputation in the community nor evidence of specific conduct, which is admissible only when a character trait is an essential element of the charge. We affirm.

I

On October 20, 2013, Marisa Gallo awoke in the middle of the night to the sound of a male voice. At the time, Gallo lived alone in a ground-level apartment in the Capitol Hill neighborhood of Seattle that opened onto an internal courtyard.

Gallo could not tell whether the voice was coming from inside or outside of her apartment. She retrieved her cell phone and opened her bedroom door to investigate. When she did so, she saw a man, later identified as Jason Jacobs, standing in her living room. Jacobs was holding Gallo's flat screen television and manipulating the cables attached to the back of the screen. When Gallo demanded to know what Jacobs was doing in her apartment, he pointed to the television and replied, "I'm just doing this." Gallo believed that Jacobs meant that he was stealing her television. After Gallo repeated the question, Jacobs told her that he was there to repair something. To encourage Jacobs to leave without provoking him, Gallo pretended to believe him. She thanked him, but indicated that she did not need his help and encouraged him to leave. When Jacobs did not leave, Gallo walked the length of the room, opened the front door, and ordered him to leave. Jacobs left the apartment but remained nearby outside.

Gallo called the police, who arrived promptly and arrested Jacobs. Jacobs appeared to be intoxicated. After Jacobs was arrested, Gallo noticed that her wallet had been removed from her purse. The wallet contained credit cards, but no cash, and no items were missing.

Just before the incident in Gallo's apartment, one of her neighbors encountered a man who looked like Jacobs entering the secured area surrounding the apartment building by climbing over the gate. The man apologized to the neighbor and said something to the effect of, "I'm drunk."

The State charged Jacobs with residential burglary. While in jail, Jacobs called someone and told them he had no memory of the incident at Gallo's

apartment. Jacobs also said that he attended several parties and consumed a significant amount of alcohol on the night of the incident.

Jacobs raised defenses of diminished capacity and voluntary intoxication, contending that he lacked the capacity to form the requisite intent to commit burglary. In support of his diminished capacity defense, Jacobs sought to present the testimony of a psychologist, Tyler Bailey. Before trial, the State objected to Bailey's proposed testimony that Jacobs reported no prior criminal history, or at least no convictions for crimes of dishonesty.[1] The defense claimed that the testimony was relevant to show that Jacobs had no intent to steal Gallo's property. The State maintained that because the proposed testimony did not relate to Jacob's reputation in the community, it was not admissible. The court agreed and excluded the testimony.

At trial, the psychologist testified that while he could not reach a definitive diagnosis, he believed that at the time of the crime Jacobs may have been experiencing a dissociative episode, or a "separation of consciousness from the present moment." He explained that dissociation is often a psychological response to previous traumatic events and described several incidents in which Jacobs had been the victim of violent crimes. The psychologist also testified that confusion and lack of memory of the incident were indicative of a dissociative

---

[1] Although the State did not allege any criminal history below and the defendant's offender score was zero for sentencing purposes, the State asserts on appeal that the record is unclear as to whether Jacobs, in fact, has prior convictions. The only document in the record that suggests a prior conviction is the defendant's own trial brief, wherein he requested exclusion of a Colorado conviction of driving while under the influence. Presumably, had the trial court allowed the psychologist to testify that Jacobs reported no conviction history, the State would have been permitted to explore the issue on cross-examination.

episode and he identified possible "triggers" that may have caused Jacobs to dissociate at the time of the crime.

The jury found Jacobs guilty of residential burglary. Although the jury found by special verdict that Jacobs committed the offense while the victim of the burglary was present, the State did not seek an exceptional sentence based on the presence of the aggravating factor. See RCW 9.94A.535(2)(u). Instead, the State requested, and the court imposed, a first time offender waiver. See RCW 9.94A.650. Jacobs appeals.

II

Jacobs contends that the trial court abused its discretion by excluding the psychologist's proposed testimony that he had no prior criminal convictions.

We review a trial court's evidentiary rulings for abuse of discretion. State v. Stacy, 181 Wn. App. 553, 565, 326 P.3d 136, review denied, 181 Wn.2d 1008 (2014). "A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Stacy, 181 Wn. App. at 565-66.

Evidence of character is generally inadmissible to prove conformity on a particular occasion. ER 404(a). An exception exists, however, for "[e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same." ER 404(a)(1). To be admissible under this exception, such character evidence must be proved in one of two ways:

> **(a) Reputation.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross examination, inquiry is allowable into relevant specific instances of conduct.

4

**(b) Specific Instances of Conduct.** In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

ER 405.

Jacobs maintains that lack of criminal history is a pertinent character trait within the meaning of ER 404(a)(1). He does not, however, mention ER 405 or address the methods by which character may be proved under that rule. It is well-settled that testimony about an accused's lack of criminal convictions is not evidence of reputation in the community and does not meet the standard for admissibility under ER 405.

In State v. O'Neill, 58 Wn. App. 367, 368, 793 P.2d 977 (1990), the State charged the defendant with driving while under the influence. At trial in the district court, the court suppressed O'Neill's testimony that he had no prior convictions. O'Neill, 58 Wn. App. at 368. The superior court reversed and the State appealed. O'Neill, 58 Wn. App. at 368. On appeal, the defendant asserted that "his purpose in offering the fact he had no prior convictions was to persuade the jury he was a person of good character." O'Neill, 58 Wn. App. at 369. This court held:

> Whether the absence of prior convictions was admissible or not, the offer made by O'Neill did not meet the requirements of ER 405(a) that proof be made by testimony as to reputation. Rather than offering testimony from a witness that he was a law-abiding citizen, O'Neill attempted to testify himself to this absence of an arrest record. A character trait of being a law-abiding citizen is not an essential element of a DWI charge. The rule requires, therefore, the proof be by evidence of reputation.

O'Neill, 58 Wn. App. at 370.

5

Some years later, in State v. Mercer-Drummer, 128 Wn. App. 625, 629, 115 P.3d 454 (2005), the State charged the defendant with assault in the third degree, obstructing law enforcement, and resisting arrest. Before trial, the court granted the State's motion to exclude the defendant's testimony that she had no criminal history. Mercer-Drummer, 128 Wn. App. at 629. Mercer-Drummer challenged the ruling on appeal. The court concluded that even assuming that the defendant's testimony about her lack of criminal history was evidence of a pertinent character trait under ER 404(a)(1), the method of proof did not meet the requirements of ER 405. Mercer-Drummer, 128 Wn. App. at 630. The proposed testimony was not evidence of the defendant's reputation in the community. Mercer-Drummer, 128 Wn. App. at 632. And proof of character by means of specific acts of conduct was inapplicable because the trait of being a law abiding citizen was not an essential element of the charged crimes. Mercer-Drummer, 128 Wn. App. at 631-32.

Here, also, even if we assume that the psychologist's proposed testimony related to a pertinent trait of character under ER 404(a)(1), the evidence did not conform to the accepted methods of proof set forth in ER 405(a) and (b). As the trial court noted, the proposed testimony that Jacobs had no prior criminal convictions was not "testimony as to reputation." ER 405(a).

Nor was the suggested method of proof authorized by ER 405(b). Character is rarely an "essential element" in criminal cases. State v. Kelly, 102 Wn.2d 188, 196, 685 P.2d 564 (1984). "For character to be an essential element, character must itself determine the rights and liabilities of the parties."

Kelly, 102 Wn.2d at 197. To convict Jacobs of residential burglary, the jury was required to find that, with intent to commit theft, he entered or remained unlawfully in a dwelling. RCW 9A.52.025. Again, Jacobs does not contend that the testimony qualified for admission under ER 405, much less make a showing that his law abiding character was an "essential element" of the residential burglary charge or his defense.

In the alternative, Jacobs contends that for the same reasons that background testimony about a witness's education and employment is routinely admitted at trial, evidence about an accused's lack of criminal history is likewise admissible. But Jacobs' reliance on cases that predate O'Neill and Mercer-Drummer and on the dissenting opinion in O'Neill is not persuasive. We adhere to our decisions in O'Neill and Mercer-Drummer.

Finally, Jacobs claims the evidence was admissible under ER 703 and 705.[2] Under these rules, a court has discretion to allow an expert witness to relate otherwise inadmissible evidence to the trier of fact to explain the basis for his or her expert opinion, subject to appropriate limiting instructions. Wuth ex rel. Kessler v. Lab. Corp. of Am., 189 Wn. App. 660, 689, 359 P.3d 841 (2015), review denied, 185 Wn.2d 1009 (2016). According to Jacobs, because the psychologist "reasonably relied" on his lack of criminal convictions in forming his opinion, the trial court should have admitted the testimony about this fact. But there is nothing in the record to suggest that the testimony would have helped

---

[2] According to ER 703, the facts or data relied on by an expert witness need not be otherwise admissible if of a type reasonably relied upon by experts in the field. ER 705 authorizes an expert to "testify in terms of opinion or inference and give reasons therefor without prior disclosure of the underlying facts or data."

7

the jury to understand the basis for the expert's opinion that Jacobs may have experienced a dissociative episode at the time of the crime. The expert's "rule out" diagnosis was based on a history of traumatic events as reported by Jacobs and corroborated by medical records, the presence of possible triggers on the evening in question, lack of memory of the incident, and accounts of other instances of dissociation. And even if lack of criminal history had, in fact, contributed to the expert's opinion, the Rules of Evidence allow, but do not require, the admission of otherwise inadmissible evidence. It was well within the trial court's discretion to exclude the testimony.

Affirmed.

We concur: